**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lori A. Copley,<br><br>              Plaintiff,<br><br>vs.<br><br>Michael Astrue, Commissioner of Social Security Administration<br><br>              Defendant. | No. CV 10-1410-PHX-DGC<br><br>**ORDER** |

Plaintiff was determined ineligible for Supplemental Security Income ("SSI") benefits by a Social Security Administrative Law Judge ("ALJ"), and the decision became final agency action. Plaintiff argues that the ALJ erred at Step 2 of the sequential evaluation process and in the residual functional capacity assessment ("RFC"). Doc. 13. Defendant argues that the ALJ's decision was proper and supported by substantial evidence. Doc. 14. The issues have been fully briefed (Docs. 13, 14, 20), and the parties do not request oral argument. For the reasons that follow, the Court will remand for further proceedings.

The ALJ found that Plaintiff has severe fibromyalgia and determined the condition to be a severe impairment. Doc. 12-3 at 11.[1] Plaintiff takes no issue with this determination, but challenges the ALJ's finding that Plaintiff's migraine headaches,

---

[1] The Court's citations to the record reflect the page numbers generated at the top of a PDF document by the Court's Electronic Case Filing system, not page numbers appearing on original exhibits.

hyperactive bladder, irritable bowel syndrome, and lumbar degenerative disc disease were non-severe impairments.[2] Doc. 13 at 10:24-27.

An applicant for benefits is deemed not disabled at Step 2 of the evaluation process if she is found not to have a severe impairment. 20 C.F.R. § 416.920(a)(4)(ii). In this case, Plaintiff passed Step 2 as a result of the ALJ's finding that Plaintiff's fibromyalgia was a severe impairment. Therefore, to the extent the ALJ found other impairments non-severe, but nonetheless considered them in the RFC assessment, the Court will review the challenged findings in the context of the RFC assessment. *See* 20 C.F.R. § 416.920(e) (stating that an RFC assessment bears on whether an applicant can perform work activities); 20 C.F.R. § 416.945(a)(2) (requiring all impairments be used in an RFC assessment); *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996) (noting that Social Security regulations define "severity" of an impairment as a function of its effects on applicant's ability to perform work activities).

The ALJ concluded that Plaintiff "has the residual functional capacity to perform the full range of light work as defined in 20 C.F.R. § 416.967(b), except that she is limited to occasional postural functions including stooping, kneeling, crouching, and crawling." Doc. 12-3 at 12. Plaintiff argues the ALJ failed to discuss how her impairments "affect her ability to sustain work activities eight hours per day, five days per week," failed properly to weight medical source opinion evidence, and failed properly to weigh Plaintiff's testimony.[3] Doc. 13 at 16-24. Defendant responds that Plaintiff's past relevant work as a bookkeeper required walking for 0.5 hours, standing for 0.5 hours, sitting for 1.0 hours, reaching for 1.0 hours, and "no climbing, stooping, kneeling, crouching, crawling, or handling/grabbing/grasping big objects." Doc. 14 at 31-32.

---

[2] Plaintiff does not appear to take issue with the ALJ's determination that Plaintiff's history of Bell's Palsy does not constitute a severe impairment (Doc. 12-3 at 11). Doc. 13 at 10 (excludes Bell's Palsy finding).

[3] Plaintiff also argues that the testimony of the vocational consultant hired by the agency is not reliable. Doc. 13 at 24. The Court need not reach this issue.

Because the ALJ found that Plaintiff would be able to perform these activities despite all her impairments, and the finding is supported by substantial evidence, Defendants argues, the ALJ did not err.  *See id.* at 33.  Plaintiff replies in part that the ALJ "cherry-picked" evidence and that the record shows "none of the reported activities are done with the consistency or degree of sustained competitive employment."  Doc. 20 at 9.

In conducting an RFC assessment, the Commissioner must consider the combined effects of an applicant's medically-determinable impairments on the applicant's ability to perform sustainable work.  42 U.S.C. § 423(d)(2)(B) ("In determining whether an individual's . . . impairments are of sufficient medical severity that such . . . impairments could be the basis of eligibility under this section, the Commissioner of Social Security shall consider the combined effect of *all* of the individual's impairments without regard to whether any such impairment, if considered separately, would be of such severity." (emphasis added)); *see* 20 C.F.R. §§ 404.1520(c), 416.920(c) (Commission to consider "combination of impairments"); 20 C.F.R. §§ 404.1545(a)(2), 416.945(a)(2) (Commission to consider "all" impairments); *see also Macri v. Chater*, 93 F.3d 540, 545 (9th Cir. 1996) (Commissioner must consider the combined effect of all impairments in determining whether the claimant is disabled) (citing *Gregory v. Bowen*, 844 F.2d 664, 666 (9th Cir. 1988)); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (Commissioner "should have considered the combined effect of the claimant's physical and mental impairments in determining [RFC]"); *Hammock v. Bowen*, 879 F.2d 498, 500 (9th Cir. 1989) (error not to "consider the combined effect of all of [applicant's] impairments on her ability to return to work").  Moreover, an applicant's ability to perform sustainable work should be assessed against a standard work week in a realistic work setting.  SSR 96-8p, 1996 WL 374184, at *7 (July 2, 1996) (stating, in part, that "RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis.  A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent work schedule."); *see also Fair v.*

*Bowen*, 885 F.2d 597, 603 (9th Cir. 1989) (suggesting that an applicant's ability to perform work tasks should be assessed in the context of "the more grueling environment of the workplace," and that in some environments "it might be impossible to periodically rest or take medication").

The ALJ found Plaintiff's medically-determinable impairments – fibromyalgia, migraines, lower back problems, stomach damage, and Bell's Palsy – "could reasonably be expected to cause" the symptoms Plaintiff alleged. Doc. 12-3 at 12. The ALJ nonetheless concluded that Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment." *Id.* The ALJ held that Plaintiff "failed to provide sufficient evidence to support the alleged severity and duration of [her] symptoms and limitations pertaining to her alleged migraines, lumbar spine and stomach problems, and Bell's Palsy." *Id.* The ALJ also observed that "[t]he medical records fail to establish support for such impairments, as the claimant rarely complains about these impairments," and "[t]he physicians do not address the impairments either." *Id.* The ALJ noted medical findings from Plaintiff's treating physician, Dr. Franklin Baroi, findings from State Agency physician Dr. Robert Hirsch, consulting psychologist Dr. Carlos Vega, and consulting physician Dr. Richard Palmer. *Id.* at 13-15. The ALJ also noted testimony by Plaintiff where she "persistently complains of intractable pain," but the testimony was largely discounted as "not fully credible" due in part to lack of "objective findings to substantiate the severity of her complaints."[4] *Id.* at 16. For example, the ALJ opined that "although the claimant undoubtedly experiences some degree of pain, the pain has apparently not altered the use of her muscles and joints to the extent that [it] has resulted in diffuse muscle atrophy," the latter being a "common side effect[] of prolonged and/or chronic pervasive pain" according to the ALJ. *Id.* at 16.

---

[4] The ALJ's credibility determination appears aimed at Plaintiff's conclusions about the extent of her limitations, not at her lack of sincerity: the ALJ noted that "the claimant appeared to be a sincere witness" (Doc. 12-3 at 16).

The Court concludes the ALJ did not adequately compare Plaintiff's residual functional capacity with the requirements of sustainable work during a standard work week in a realistic work setting. The ALJ's analysis focused primarily on the medical evidence disputing the extent of Plaintiff's symptoms, and stopped short of discussing how Plaintiff's symptoms – to the extent they were assessed credible by the ALJ – match up to the type of sustainable work the ALJ deemed Plaintiff able to perform. The ALJ's findings on this point were at best conclusory, asserting in part merely that "the claimant is able to perform [the work] as actually and generally performed." The ALJ does not discuss the typical work environment in which Plaintiff might perform, the ability of Plaintiff to obtain requisite rest or employ pain-management techniques in that environment, Plaintiff's ability to travel consistently to and from the work site five days per week, or Plaintiff's ability to maintain sustainable employment in a realistic work setting in light of the totality of her impairments. Plaintiff's pain level appeared to be the most pronounced symptom addressed by the ALJ with regard to work limitations, but even there the ALJ's treatment of the pain aspect is somewhat ambiguous. The ALJ acknowledges, for example, that according to Dr. Vega "the claimant is likely to be suffering from a pain disorder that is associated with both psychological factors and fibromyalgia," and that "claimant's inability to obtain and maintain gainful employment is more likely impeded by physical factors than psychological ones." Doc. 12-3 at 14. The ALJ also notes that "[t]he documentation basically indicates a worsening in the pain disorder described above." *Id.* The ALJ does not appear to conclude what pain level the evidence shows Plaintiff as having, and how this pain level factors into Plaintiff's ability to work as discussed above. The same holds true for the other non-pain symptoms reported by Plaintiff and acknowledged by the ALJ.

For the reasons above, the Court will remand to the Commissioner for additional proceedings consistent with this order. The Commissioner shall consider the combined effects of Plaintiff's impairments on Plaintiff's ability to perform sustainable work during

1 a standard work-week in a realistic work setting.

2 **IT IS ORDERED** that this case be remanded to the Commissioner for further
3 proceedings consistent with this order.

4 Dated this 30th day of June, 2011.

_____
David G. Campbell
United States District Judge