**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lori A. Copley, | No. CV10-1410-PHX-DGC |
| Plaintiff, | **ORDER** |
| vs. | |
| Michael J. Astrue, Commissioner of Social Security Administration, | |
| Defendant. | |

Plaintiff filed a claim with the Social Security Commission for Disability and Supplemental Security Income benefits under Title XVI of the Social Security Act. Doc. 1. After a hearing on January 22, 2010, Administrative Law Judge ("ALJ") M. Kathleen Gavin found that Plaintiff had a severe impairment due to fibromyalgia. Doc. 12-3 at 11.[1] After a residual functional capacity ("RFC") assessment, however, Judge Gavin found that Plaintiff was capable of work and denied Plaintiff's claim. Doc. 12-3. Plaintiff appealed, and the Court found that the ALJ had failed to consider the combined effects of Plaintiff's symptoms on her ability to perform work in a realistic setting. Doc. 21 at 5. The Court remanded for further proceedings on this issue. Doc. 21 at 5-6.

Plaintiff has filed a motion requesting attorney's fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Doc. 23. The motion has been

---

[1] The Court's citations to the record reflect the page numbers generated at the top of a PDF document by the Court's Electronic Case Filing system, not page numbers appearing on original exhibits.

fully briefed. Docs. 25, 27. For the reasons stated below, the Court will grant Plaintiff's motion and award Plaintiff attorneys' fees in the amount of $6,209.11 plus $350 in costs, for a total of $6,559.11.

The EAJA "authorizes federal courts to award attorneys' fees, court costs, and other expenses when a party prevails against the United States, although fee-shifting is not mandatory." *Hardisty v. Astrue*, 592 F.3d 1072, 1076 (9th Cir. 2010). Plaintiff is a prevailing party because denial of her benefits has been remanded for further proceedings. *See Gutierrez v. Barnhart*, 274 F.3d 1255, 1257 (9th Cir. 2001). The Court should award reasonable attorneys' fees under the EAJA unless Defendant shows his position in this case was "substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); *see Gutierrez*, 274 F.3d at 1258.

Defendant does not contend that an award of fees in this case would be unjust. Instead, Defendant argues that denial of benefits was "substantially justified." Doc. 24 at 1. To determine if the Commission's finding was "substantially justified," the Court must initially consider any procedural issues that led to remand. *See Corbin v. Apfel*, 149 F. 3d 1051, 1055 (9th Cir. 1998); *Flores v. Shalala*, 49 F. 3d 562, 566 (9th Cir. 1995) ("the district court should, at least initially, . . . consider[] whether the Secretary was substantially justified with respect to the procedural issue"). Here, the Court found that the ALJ failed to consider the combined effects of Plaintiff's symptoms on her ability to perform work in a realistic setting as required under 42 U.S.C. § 432(d)(B). Doc. 21 at 5. Defendant argues that the ALJ did not find Plaintiff credible and that it was reasonable for the ALJ to conclude that Plaintiff exaggerated her pain and other symptoms. Doc. 24 at 4-6. The error here, however, was not in the ALJ's assessment of Plaintiff's credibility or her pain level, but the ALJ's failure to consider the combined effect of Plaintiff's pain and other symptoms – to the extent she found them credible – upon her ability to perform work "during a standard work week in a realistic setting." Without this fundamental analysis, it is not possible to find that the Commission's finding was

"substantially justified." "It follows *a fortiori* [Defendant's] defense of the ALJ's procedural error[] was not substantially justified, and [Plaintiff] is entitled to attorneys' fees under the EAJA." *Shafer v. Astrue*, 518 F.3d 1067, 1072 (9th Cir. 2008); *see Corbin v. Apfel*, 149 F.3d 1051, 1052-53 (9th Cir. 1998) (the defense of "basic and fundamental errors" is "difficult to justify").

Plaintiff's counsel, Eric G. Slepian, has filed an affidavit (Doc 23-1, App. C) and an itemized statement of fees (Doc 23-1, App. A) showing that he worked 32.9 hours on this case. Plaintiff's counsel has also requested compensation for an additional 1.9 hours for preparing Plaintiff's Reply, for a total of $6,209.11 in fees (34.8 hours at $178 per hour), plus $350 in costs. Doc. 27 at 6. Defendant does not object to paying costs and has not disputed that the fees are reasonable. Having reviewed the affidavit and the statement of fees, and having considered the relevant fee award factors, *see Hensley v. Eckerhart*, 461 U.S. 424, 429-30 & n. 3 (1983), the Court finds that the amount of the requested fee award is reasonable.

**IT IS ORDERED:**

1. Plaintiff's motion for attorney's fees and costs (Doc. 23) is **granted**.

2. Plaintiff is awarded **$6,559.11** pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412.

Dated this 3rd day of November, 2011.

David G. Campbell
United States District Judge